_James T. Moreno_
FULL NAME

_____
COMMITTED NAME (if different)

_Chuckawalla Valley State Prison_
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_P.O. Box 2349, Blythe, CA. 92226_
_K 73740_
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 1 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

*Related*
*DDJ*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_James T. Moreno,_

PLAINTIFF,

v.

_Kathleen Allison, et al.,_
_In Their Individual capacity_
DEFENDANT(S).

CASE NUMBER  _EDCV 22 - 1029-DOC_
_(GJS)_
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☑ No

2.  If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☑ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☑ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☑ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _James T. Moreno_

(print plaintiff's name)

who presently resides at _Chuckawalla Valley State Prison_ ,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Chuckawalla Valley State Prison, Blythe, CA. unnecessarily put at Risk of_

(institution/city where violation occurred)

_Infection, illness and Death from exposure to "Ethylene oxide", Indifference_ _Deliberate_

CIVIL RIGHTS COMPLAINT

on (date or dates) _____ *See    Attachment* _____, _____

<span style="padding-left:6em">(Claim I)</span> <span style="padding-left:8em">(Claim II)</span> <span style="padding-left:8em">(Claim III)</span>

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant    *Please  See   Attachment* _____ resides or works at

<span style="padding-left:4em">(full name of first defendant)</span>

_____

<span style="padding-left:4em">(full address of first defendant)</span>

_____

<span style="padding-left:4em">(defendant's position and title, if any)</span>

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.  Defendant    *Please   See    Attachment* _____ resides or works at

<span style="padding-left:4em">(full name of first defendant)</span>

_____

<span style="padding-left:4em">(full address of first defendant)</span>

_____

<span style="padding-left:4em">(defendant's position and title, if any)</span>

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.  Defendant    *Please   See    Attachment* _____ resides or works at

<span style="padding-left:4em">(full name of first defendant)</span>

_____

<span style="padding-left:4em">(full address of first defendant)</span>

_____

<span style="padding-left:4em">(defendant's position and title, if any)</span>

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.   Defendant _Please See Attachment_____ resides or works at

   (full name of first defendant)

_____

   (full address of first defendant)

_____

   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.   Defendant _Please See Attachment_____ resides or works at

   (full name of first defendant)

_____

   (full address of first defendant)

_____

   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

# CRuel and Unusual Punishment

# Deliberate Indifference

# Emotional Distress

# Unsafe Living conditions

under The Eighth Amendment

also Please See Attachment

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Please See Attachment

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Please See Attachment

_5/31/22_
*(Date)*

_____
*(Signature of Plaintiff)*

# Plaintiff

1) Plaintiff, James T. Moreno, is and at all Times mentioned herein a Prisoner of The State of California in The custody of The California Department of Corrections and Rehabilitation, He is currently confined at Chuckawalla Valley State Prison.

# Defendant 1

2) Defendant, Kathleen Allison, is The Secretary of The Department of Corrections and Rehabilitation, and is legally responsible For The operation's of All California Prison's and For The welfare of The Plaintiff, and is Responsible For purchasing and Distributing The nasal swab's To Test For Covid-19 That are loaded with "Ethylene Oxide", and at all Times Acted under color of law.

1

Defendant 2

3) Defendant, J. Clark Kelso, was appointed as Receiver in 2006 by a Federal Court to manage the delivery of medical care in California Prisons, He is legally Responsible for all delivery of medical care in each California Prison, and is legally responsible for approving and Distributing the nasal swab's to test for covid-19 that are loaded with "Ethylene Oxide";

4) Defendant 3

Defendant, David Holbook, is the warden of Chuckawalla Valley State Prison, He is legally responsible for the operation of Chuckawalla Valley State Prison and for the welfare of the Plaintiff, and at all times acted under color of law.

Defendant 4

5) Defendant, P. Kadile, is the chief Physician and Surgeon at Chuckawalla Valley State Prison, and He is legally Responsible for delivery of medical care at Chuckawalla Valley State Prison, and the distributing of the nasal swab's to test for covid-19 that are loaded with "Ethylene oxide", and at all times acted under color of law.

2

Defendant 5

6)   Defendant K. Robins is the Health Care Appeals Registered nurse for California Correctional Health Care Services here at Chuckawalla Valley State prison. She is legally Responsible for Answering all Health Care Grievance's at Chuckawalla Valley State Prison, and is Legally Responsible for the Welfare of the Plaintiff and Distributing and the Using of the nasal Swab's to Test for Covid-19 That are Loaded with "Ethylene oxide", and at All Times Acted under Color of Law.

Defendant 6

7)   Defendant, S. Gates, is chief Health Care Correspondence and Appeal's Branch Policy and Risk management Services for California Correctional Health Care Services and is Legally Responsible for Answering all Health Care Grievance's for the California Department of Correction and Rehabilitation at the Headquarter's Level, and is Legally Responsible for the welfare of the Plaintiff and the Distributing and using of the nasal Swab's to Test for Covid-19 that are Loaded with "Ethylene oxide", and at all Times Acted under Color of Law.

3

Defendant 7

8)   Defendant, Bryttiney Lincoln, is C.E.O. and M.H.A. For California Correctional Health Care Services here at Chuckawalla Valley State Prison, and is Legally Responsible For The welfare of The Plaintiff and The Distributing and using of The nasal Swab's To Test For Covid-19 That Are Loaded with "Ethylene Oxide", and at All Times Acted Under Color of Law.

Defendant 8

9)   Defendant, Tina Brooks, is Correctional Health Care Access For California Correctional Health Care Services here at Chuckawalla Valley State Prison, and is Legally Responsible For The welfare of The Plaintiff and The Distributing and using of The nasal Swab's To Test For Covid-19 That Are Loaded with "Ethylene Oxide" and At All Times Acted under Color of Law.

4

Defendant 9

10) Defendant, Kimberly Spickelmier, is The Medical Delegating Testing Officer For California Correctional Health Care Services here at Chuckawalla Valley State Prison, and is Legally Responsible For The welfare of The Plaintiff and The Distributing and using of The Nasal Swab's To Test For Covid-19 That are Loaded With "Ethylene Oxide," and at all Times Acted Under Color of Law.

Defendant 10

11) Defendant, Milke (First name not known) is The S.R.N. II For California Correctional Health Care Services here at Chuckawalla Valley State Prison, and is Legally Responsible For The welfare of The Plaintiff and The Distributing and using of The Nasal Swab's To Test For Covid-19 That Are Loaded With "Ethylene Oxide", and at All Times Acted Under Color of Law.

## Facts About Ethylene Oxide

12) At Room Temperature, ethylene oxide is a Flammable colorless gas with a Sweet odor. It is used primarily to produce other chemicals, Including AntiFreeze.

13) In Smaller amounts, ethylene oxide is used as a pesticide and a Sterilizing agent.

14) The Ability of ethylene oxide To Damage DNA makes it an effective Sterilizing agent But also Accounts For its Cancer-causing Activity.

15) The primary Routes of human exposure To ethylene oxide Are inhalation and ingestion, which may occur Through occupational, Consumer, or environmental exposure. Ethylene oxide is Highly explosive and Reactive.

16) Cancers Are Associated with exposure To Ethylene oxide Are Lymphoma and Leukemia. Lymphoma and Leukemia are the Cancers most Frequently Reported To be Associated with exposure To Ethylene oxide. Stomach and Breast Cancers may Also be Associated with Ethylene oxide exposure.

## Facts About Covid-19 Testing

17) Notice For employers, Universities and other Institutions mandating Covid-19 Tests.

18)    This Serves as a notice That The mandate For Any individual To be Tested against Covid-19 For employment OR Participation at a university OR other Institutions Violates Federal Law.

19)   All Covid-19 Tests, Whether polymerase Chain Reaction (PCR), antigen Tests OR others ARE not Approved OR Licensed, by The Federal Government; They ARE emergency use Authorization (EUA) only.

20)    Title 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(1-111) OF The Federal Food, Drug, and Cosmetic Act States:

21)    Individuals To whom The product is administered must be informed of The Significant Known Risks of Such use, and must have an option To Accept OR Refuse administration of The product, and of The Alternatives To the product That ARE Available and of Their Risks.

7

22) (EUA) Emergency Use Authorization are by Definition experimental and Thus "Requires" The Right To Refuse.

23) Under The Nuremberg Code, The Foundation of ethical medicine, no one may be coerced To participate in a medical experiment.

24) Consent of The Individual is "Absolutely essential".

25) There are Two Types of Covid-19 Tests.

26) "Nasal Swab's" That contain more Than (6) Times of "Ethylene Oxide" Then Allowed under Current Government Guidelines, That The Plaintiff was coerced To use. (See Grievance)

27) "Saliva Collecting Test" That was only used on employee's of The California Department of Corrections and Rehabilitation and The employee's of California Correctional Health Care Services.

28) The Saliva Collecting Test For Covid-19 Testing has "no" exposure To "ethylene oxide" What so ever, and was never offered To The Plaintiff.

# Facts

29) Plaintiff, James T. Moreno on (47) Different occasion's (To date) was Coerced To Summit To a Covid-19 Test That Contained more Than (6) Times of "Ethylene Oxide" That is Allowed under Current Government Guidelines.

30) At No Time Throughout The administering Of The Nasal Swab To Test For Covid-19 By The Defendant's, Did the Defendant's inForm The Plaintiff of the Risk of using This Test.

31) At No Time Throughout The administering of This Test That Containe's "Ethylene Oxide" Did The Defendant's give The Plaintiff The option To Accept or Refuse administration oF This Cancer Causing product.

32) At No Time Throughout The administration of This Cancer Causing Test did The Defendant's inForm The Plaintiff That this Test was a (EUA) product (Emergency Use Authorication) That by Definition is "experimental" and Thus Require's The Right To Refuse.

33)    At no Time Did The Defendant's When administering This cancer-causing product get The consent of The Plaintiff, and consent is "absolutely essential," when using a (EUA) product, and one That contains a cancer-causing agent Like "ethylene oxide."

34)    All of The Defendant's named in This Lawsuit, Including The California Department of Corrections and Rehabilitation, and California Correctional Health Care Services are Personally Responsible for Violating Plaintiff's eighth Amendment Rights under Deliberate Indifference and cruel and unusual Punishment.

35)    For Personally exposing Plaintiff To unnecessary Risk of infection, illness, and Death For Administrating a Covid-19 Test (47) Times (To date) That Contains more Then (b) Times of "Ethylene Oxide" Then Allowed under Current Government Guidelines.

36)    There is no way The Defendant's did not Know That they where Violating Federal Laws by administering This experimental product That Contain's a Cancer-causing agent Called "Ethylene Oxide."

10

37) "Ethylene Oxide," is on The Proposition 65 List For Chemicals Known To The State To Cause cancer oR Reproductive Toxicity.

38) The Defendant's and all of The employee's of The California Department of corrections and Rehabilitation, and The employee's of California correctional Health care Services was never offered The NASAL Swab Covid-19 Test, They Where offered The more Safer Saliva collecting Test, "That would not expose Them To a cancer - causing agent called Ethylene Oxide.

## Exhaustion of Administrative Remedies

39) Plaintiff, James T. Moreno used The Prisoner grievance procedure available at Chuckawalla Valley State prison To Try and Solve The problem. on 8-23-21 Plaintiff James T. Moreno presented The Facts Relating To This Complaint. on 10-25-21 Plaintiff James T. Moreno was sent a Response Avoiding The problem. on 11-13-21 Plaintiff James T. Moreno Appealed The Response TO The grievance, The Appeal was Denied/Avoided on 2-11-22.

# Legal Claims

40) Plaintiff Reallege and Incorporates by Reference Paragraphs 1-39

41) All of The Defendant's have Violated the Plaintiff's eighth Amendment Rights, Due To Defendant's Deliberate indifference and cruel and unsual Punishment For Personally exposing Plaintiff To unnecessary Risk of Infection, illness and Death For administrating a Covid-19 Test (47) Times (To date) That Contain's more Then (6) Times of "Ethylene Oxide" Then Allowed Under Current Government Guidelines.

42) This Disregard For human Life is always CDCR's Attitude, and has Violated Plaintiff's eighth Amendment Rights.

43) Plaintiff Claims, Cruel and unusual Punishment, Deliberate indifference, Emotional Distress and unsafe Living conditions.

# Prayer For Relief

44) Wherefore, Plaintiff Respectfully prays this court enter Judgment Granting Plaintiff,

45) A Declaration That The Acts and Omissions Described herein Violated Plaintiff's Rights Under The Constitution and Laws OF The United States.

46) Compensatory Damages in The Amount OF ($ 100.000) one Hundred Thousand Dollars against each Defendant, Jointly and Severally.

47) Punitive Damages in The Amount OF ($ 200.000) Two Hundred Thousand Dollars against each Defendant.

48) A Jury Trial on All issues Triable by Jury.

49) Plaintiff's Costs in This Suit.

50) Any additional Relief this court Deems Just, proper, and Equitable.

Date: 5/31/22

Respectfully Submitted,

James T. Moreno # K73740
Chuckawalla Valley State Prison
P.O. Box 2349
Blythe, CA. 92226

13

## Verification

I have Read The Foregoing complainT and hereby Verify ThaT the matters Alleged Therein are TRue.

I certify under penalty oF perjury ThaT the foregoing is True and corRect.

Executed aT Chuckawalla Valley State PRison, Blythe, Ca. on 5/31/22

James T. Mereno
Plaintiff,

14

EXHibit A

Health Care Grievance

Exhibit A

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Tracking #:

CVSP HC 21000201

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI):

Moreno, James T.

| CDCR Number: | Unit/Cell Number: |
| K-73740 | C7-22-3 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

I get tested for COVID-19 at/on every contact visit. I have been given no option other than the nasal swab. The sampling swab used for testing is coated with E.O. known as Ethylene Oxide (see att. A), Ethylene Oxide is classified as a human carcinogen (see att. B) & the medical staff never informed me of this or offered me an alternative form of testing. The testing kit that is used is classified as "Emergency Use Authorization" (E.U.A.) only (see att. C). E.U.A. products are by definition experimental & thus require the right to refuse. I have never given voluntary informed consent to be tested with this carcinogenic sampling swab. Voluntary consent means the person is able to exercise free power of choice without any element of force, fear, duress, overreach, or other form of constraint or coercion. The medical staff threaten people that refuse the test with a 21 day quarantine, loss of job, loss of privileges & loss of visits. This test is truly not free to refuse. If there is a risk to Health there must be a choice as to take it or not. I do not want to get cancer therefore I would like another option of testing.

**Grievant Signature:** _[signature]_                **Date Submitted:** 8/23/21

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

**Name and Title:** _____    **Signature:** _____    **Date:** _____

**STAFF USE ONLY**

RECEIVED
CVSP
AUG 2 6 2021
HCGO

COMPLETED
CVSP
OCT 2 6 2021
HCGO

RECEIVED
HCCAB
NOV 1 8 2021

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

**Distribution: Original -** Returned to grievant after completed. **Scanned Copy -** Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

**STAFF USE ONLY**

COMPLETED
HCCAB
FEB 14 2022

Name and Title:

Signature:

Date :

**SECTION D:** Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (if necessary at HQ Level).

Grievant Signature:                                                     Date Submitted:

**SECTION C:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response):

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

Tracking #: CNSP HC 2160201

DEPARTMENT OF CORRECTIONS AND REHABILITATION

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


### Institutional Level Assignment Notice

**Date:** AUG 2 6 2021

**To:**     MORENO, JAMES (K73740)
# C  007 2022003LP
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

**Tracking #:**  CVSP HC 21000201

**Due Date:**   10/29/2021

The Health Care Grievance Office has accepted your health care grievance for response.  If you need additional information regarding your health care grievance, contact the health care grievance coordinator at your institution.

California Code of Regulations, Title 15, Section 3999.226(c), states "The grievant has the right to submit one health care grievance every 14 calendar days, unless it is accepted as an expedited grievance.  The 14 calendar day period shall commence on the calendar day following the grievant's last accepted health care grievance." Health care grievances submitted in excess of these limitations may be subject to rejection per California Code of Regulations, Title 15, Section 3999.234(a)(1).

If you have additional health care needs, you are advised to utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy.

Health Care Grievance Office Representative
Chuckawalla Valley State Prison

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


### Institutional Level Response

**Closing Date:** OCT 2 6 2021

**To:**    MORENO, JAMES (K73740)
C  007 2022003LP
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

**Tracking #:**  CVSP HC 21000201

#### RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

#### HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|-------|-------------|
| Issue:    COVID-19 (Testing) | Wants other form of testing than nasal swab due to carcinogen in swab |

#### INTERVIEW

On October 05, 2021, you were interviewed by K. Robins, Health Care Appeals Registered Nurse (HCARN) regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

#### INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

#### BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. The following information was found in your medical chart regarding COVID-19 testing.

There was no medical documentation found regarding any of your issues reported on this 602, healthcare grievance.

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAB
NOV 1 8 2021

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

Patient Testing: The California Department of Corrections and Rehabilitation and California Correctional Health Care Services are following testing protocols based on guidance from the California Department of Public Health and Centers for Disease Control and Prevention. If you feel sick with a fever, cough, or difficulty breathing, you should avoid direct contact with other people and immediately utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy. California Correctional Health Care Services makes every effort to ensure patients receive timely access to the full range of necessary health care services.

The grievant submitted the health care grievance without a prior attempt to obtain health care services through approved processes.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Please utilize your 7362 process to communicate directly with your medical team. The healthcare grievance operating standards policy and procedure for a written complaint submitted by a patient using a CDCR 602 HC Health Care Grievance, when determined to be routine, has a completion time limit of 45 business days. This does not include weekends or holidays, therefore the entire process can be greater than 60 days for a response outcome. Please utilize your 7362 or emergency procedures for your urgent, emergent or routine care requests.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.


P. Kadile, DO
Chief Physician & Surgeon
Health Care Grievance Office
Chuckawalla Valley State Prison

10/25/21
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

RECEIVED
HCCAB
NOV 18 2021

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: CVSP HC 21000021

| SECTION C: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

During the interview I had with the health care appeal R.N. Robins she stated that my appeal is not being acknowledged & that there is nothing that could be done at the institutional level regarding the COVID-19 test. I would like a alternative COVID test to be given as a option such as the Saliva test (e.g. the mouth swab that is given to staff to lessen their exposure to the carcinogen E.O.) The amount of E.O. on the swab used to test for COVID is more than 6 times the allowable limit under the current government guidlines. The health impact from the chemical include acute+chronic respitory problems, toxicity to human organs, serious & irreversible reproductive+developmental problems + cancer. Long term E.O. exposure (e.g. weekly testing) elevates the risk of white blood cell cancers like non-hodgekin lymphoma, myeloma+leukemia. I am advising CDCR that they are fully liable for any ill health effects from these swabs/PCR test.

Grievant Signature: _____    Date Submitted: 11/13/21

| SECTION D: | HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes  ☐ No |

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section E)  ☐ Accepted

☐ Amendment    Date: _____

Interview Conducted?    ☐ Yes  ☑ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☑ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:    **FEB 1 4 2022**

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |

_____

_____

_____

Grievant Signature: _____    Date Submitted: _____

Staff Name and Title (Print): _____    Signature: _____    Date: _____

COMPLETED
HCCAB
FEB 1 4 2022

**S T A F F   U S E   O N L Y**

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes | ☒ No | Tracking #: CVSP HC 21000201 |
|---|---|---|---|---|

K. Robins, HCARN
Staff Name and Title (Print)

*K Robuins, HCARN*
Signature

08/26/21
Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): Moreno, James

CDCR #: K-73740    Unit/Cell #: C7-22-B

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

*please see attached*
*CDC 602 HC A*

Supporting Documents Attached. Refer to CCR 3999.227    ☐ Yes    ☐ No

Grievant Signature:

Date Submitted:

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☒ Yes    ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☒ Accepted    Assigned To: Medical    Title: HCARN    Date Assigned: 8/26/21    Date Due: 10/29/21

Interview Conducted? ☒ Yes ☐ No    Date of Interview: 10/5/21    Interview Location: Cmedical Clinic

Interviewer Name and Title (print): K-Robins, HCARN    Signature: *K Robuins, HCARN*    Date: 10/05/21

Reviewing Authority Name and Title (print): Peter M. Kadile, DO    Signature: _____    Date: 10/25/21
Chief Physician & Surgeon

Disposition: See attached letter    CCHCS ☒ Intervention    ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:    OCT 26 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: 12-9

RECEIVED CVSP AUG 26 2021 HCGO

**STAFF USE ONLY**

RECEIVED CVSP OCT 26 2021 HCGO

COMPLETED HCCAB NOV 18 2021

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES



**Headquarters' Level Response**

**Closing Date:**     FEB 1 4 2022

**To:**     MORENO, JAMES (K73740)
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

**From:**     California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**     CVSP HC 21000201

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue:    COVID-19 ( Testing ) | A form of COVID-19 testing other than the nasal swab, due to carcinogen in swab. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.     [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.

The California Department of Corrections and Rehabilitation and California Correctional Health Care Services are following testing protocols based on guidance from the California Department of Public Health and Centers for Disease Control and Prevention. If you feel sick with a fever, cough, or difficulty breathing, you should avoid direct contact with other people and immediately utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy.

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**                                   P.O. Box 588500
Elk Grove, CA  95758

At this time, serology (antibody) testing for COVID-19 is not recommended for determining COVID-19 immunity. Antibodies become detectable about two weeks after the start of the infection. In addition to concerns with possible cross-reactivity with other coronaviruses, which and what levels of antibodies might confer immunity is unknown, and patients vary widely in their antibody response. According to the Centers for Disease Control and Prevention, antibody test results should not be used to group people in correctional facilities in actionable cohorts.

While you have the right to refuse most health care, you are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your health care providers in an effort to achieve optimal clinical outcome.

There is no recent documentation that you have attempted to access health care services utilizing the approved processes for concerns related to cancer (or cancer related testing).

If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed by
HCCAB
Date: 2022.02.11
13:47:52 -08'00'

February 11, 2022

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Reviewed and Signed Date

---

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

# Table of Contents

1) Proof of Service By Mail

2) Request To Proceed Without Prepayment of Filing Fees With Declaration in Support

3) Civil Rights Complaint Pursuant To 42 U.S.C. § 1983, With Attachment's

James T. Moreno # K73740
C. V. S. P. C7-
P.O. Box 2349
Blythe, CA. 92226

LEGAL MAIL

United States District Court
Central District of California
Office of The Clerk
255 East Temple Street, Room 180
Los Angeles, CA. 90012

Legal
mail

